IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-10061-01-WEB |
| | ) | |
| MATTHEW S. JUDD, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report (PSR) and for sentencing. The court ruled orally on these matters at the sentencing hearing of January 11, 2010. This written memorandum will supplement the court's oral rulings.

*Objections*.

1. Defendant's first objection is to the finding in ¶ 19 of the PSR that his 1992 Kansas conviction for Aggravated Sexual Battery constitutes a crime of violence. This finding has the effect of increasing the base offense level pursuant to USSG 2K2.1(a)(4)(A).

The defendant was convicted in 1992 of Aggravated Sexual Battery in violation of K.S.A. § 21-3518(1)(b) (1992) in Lyon County District Court. *See* PSR ¶33. At the time of the offense, the pertinent portion of the Kansas statute provided that Aggravated Sexual Battery "is ... sexual battery, as defined in [K.S.A. § 21-3517], against a person under 16 years of age." Section 21-3517 defined sexual battery as "the unlawful, intentional touching of the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another." Because the law defined

battery to include any touching, and did not necessarily require the use of force, defendant argues the offense does not qualify as a crime of violence under the Supreme Court's categorical approach. *See, e.g., United States v. Charles,* 576 F.3d 1060, 1067 (10th Cir. 2009).

Although the case law on this type of offense seems to conflict at times, the court finds that the defendant's aggravated sexual battery conviction is a crime of violence based on *United States v. Rooks*, 556 F.3d 1145 (10th Cir. 2009) and *United States v. Rowland*, 357 F.3d 1193 (10th Cir. 2004) ("[b]ecause the statute at issue ... presuppose[d] a lack of consent, it necessarily carrie[d] with it a risk of physical force"). As in *Rooks*, the statute at issue required intentional, non-consensual conduct against a person; the conduct typically endangers the health and life of a minor victim; and the risk of confrontation "is inherent in non-consensual sexual encounters." *Cf. Rooks*, 556 F.3d at 1150-51. The offense necessarily involved the intentional touching of a minor under 16 years of age, without the victim's consent, to arouse the sexual desires of the offender. Such an offense, in the ordinary case, presents a serious potential risk of physical injury to the minor. The court concludes is it properly characterized as a crime of violence. *Cf.* USSG 4B1.2, comment., n. 1 ("crime of violence" includes forcible sex offenses).

2. Defendant's second objection is that he does not recall the arrests listed in ¶¶ 56 and 57 of the PSR. The court does not need to rule on this objection,, however, because the prior arrests will not be taken into account and will not affect the sentence.

After the court ruled on the foregoing objections at the sentencing hearing, defense counsel stated that the defendant was withdrawing his objections in light of the court's stated intention to impose a sentence consistent with the parties' plea agreement under Rule 11(c)(1)(C).

*Sentencing Memorandum*.  Defendant's sentencing memorandum argued for a sentence consistent with the plea agreement.  It further discussed the defendant's health status, including his diagnosis of Chronic Myelogenous Leukemia in chronic phase.  The condition is currently being treated with a daily dose of Gleevec.  PSR ¶67.  He has also been diagnosed with diabetes, and takes insulin shots daily.  *Id*.  As of the time the PSR was prepared, his doctor's plan provided, along with his medication, for monthly CBC and liver tests.  *Id*. ¶ 69.

Defendant argued for voluntary surrender and a stay of execution to allow him to obtain medication.  He also argued this would allow him to provide child care to assist his family.  The court notes that it received a January 5, 2010 report from the Probation Office reporting that the defendant tested positive for methamphetamine on 12-21-09 – his second positive test since being charged.  According the report, he admitted that he used methamphetamine and said it was due to stress from his upcoming sentencing. After reviewing the defendant's background and circumstances, the court concludes that voluntary surrender should be denied and that the sentence should not be stayed.  The U.S. Marshals stated at the hearing that they would be able to provide for the defendant's medical needs while he is in their custody, and the Bureau of Prisons will be able to provide the defendant with necessary treatment.  The court will grant the defendant's request for a recommendation that he be designated to a BOP medical facility, if the BOP determines that such placement is appropriate.

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED.  IT IS SO ORDERED this __11th__ Day of January, 2010, at Wichita, Ks. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made

available to the Bureau of Prisons.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge